# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nathan E. M., Respondent Below,**
**Petitioner**

**vs.) No. 15-0231** (Harrison County 12-D-368-4)

**George H. A., and Sara G. A., Petitioners Below,**
**Respondents**

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Nathan M.,[1] by counsel Thomas W. Kupec, appeals the Circuit Court of Harrison County's February 12, 2015, order refusing his appeal from the December 10, 2014, order of the Family Court of Harrison County. Respondents George A. and Sara A. ("respondents"), by counsel James B. Shockley, filed a response in support of the underlying orders and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the "lower Court did not have subject matter jurisdiction to hear the case."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, respondents filed a petition for grandparent visitation of F.D.M. in family court pursuant to West Virginia Code § 48-10-402. In their petition, respondents pled that they were granted custody of Shannon M., F.D.M.'s biological mother, when she was approximately seven years old, and raised her as their daughter, and continued their relationship until Shannon M's death on April 21, 2012. Shannon M. gave birth to F.D.M. on March 25, 2010. Sometime in 2011, Shannon M. and petitioner instituted divorce proceedings in the Family Court of Harrison County. Respondents contend that as a result of the divorce proceedings, Shannon M. was granted certain visitation with F.D.M. and that they participated in the visits with Shannon M. and F.D.M. Further, respondents averred that on April 21, 2012, Shannon M. met petitioner at Wal-Mart to exchange F.D.M. for an overnight visit, but that F.D.M.'s paternal grandfather

---

[1]Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials, and identify the children by using their initials only. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

showed up during the exchange and shot and killed Shannon M.[2] In August of 2012, petitioner filed an answer to respondents' petition.

On March 25, 2013, the family court held its final hearing on respondents' petition for grandparent visitation. Counsel for both parties proffered to the family court that they reached an agreement concerning respondents' petition. Thereafter, respondents counsel set forth the general terms of the agreement on the record, which petitioner confirmed as accurate. Additionally, the circuit court heard testimony from the guardian ad litem, Judy Sawyer. Ms. Sawyer testified that respondents should be granted visitation, that such visitation was in F.D.M.'s best interest, and approved the terms of the proposed agreement. Pursuant to the parties' agreement, the family court entered an "Order Granting Grandparent Visitation" on April 9, 2013, granting respondents visitation on the third Saturday of each month and certain holidays.

In June of 2013, respondents filed a petition for contempt alleging that petitioner denied respondents visitation in violation of the family court's April 9, 2013, order. The family court entered an order issuing a rule to show cause why petitioner should not be held in contempt for violating the family court's April 9, 2013, order. Thereafter, the family court held a hearing on respondents' motion and entered an order finding petitioner in contempt of the April 9, 2013, order, and further ordered that respondents were entitled to make up the lost time from the missed visits.[3]

In July of 2014, petitioner filed a motion to dismiss in family court arguing that respondents do not have standing to seek grandparent visitation of F.D.M. simply because they claimed to be Shannon M.'s "foster parents." Stated another way, petitioner argues that "foster parents" do not meet the statutory definition of "grandparent" pursuant to West Virginia Code § 48-10-203. The family court held a hearing on petitioner's motion on August 4, 2014. After considering the parties' arguments and reviewing the applicable statutory code sections, the family court denied petitioner's motion. In denying petitioner's motion the family court found that:

> The parties acknowledged that [respondents] were the foster parents of Shannon [] for a substantial period of time. The Court believed and held that even though "legal" custody may not be granted to a foster parent, that the fact that [Shannon] lived in the authorized custody of [respondents] for a substantial number of years to adulthood as a foster child was sufficient to justify the definition of the term "grandparent" as a person of previously being granted custody of a parent of a minor child, for whom visitation is sought, under West Virginia law.

> Further, grandparent visitation was awarded pursuant to that agreement reached by all parties as reflected in that order entered April 9, 2013.

[2]The paternal grandfather was convicted of first-degree murder in 2012.

[3]In May of 2014, petitioner pled guilty to one count of concealment or removal of minor child from custodian or from person entitled to visitation. The circuit court sentenced petitioner to a term of incarceration of one to five years. The circuit court suspended petitioner's sentence and placed him on supervised probation for five years.

Subsequently, petitioner filed a petition for appeal in the circuit court arguing that respondents lack standing to bring a claim for grandparent visitation because they were never granted "legal custody" of Shannon M. Further, petitioner alleged that it is clear from a plain reading of West Virginia Code § 48-10-203, that respondents do not meet the definition of "grandparents" for the purpose of seeking grandparent visitation. Importantly, petitioner conceded that respondents "were the foster parents of Shannon." In January of 2014, respondents filed a response arguing that: 1) petitioner admitted that respondents were F.D.M.'s grandparents in his verified answer to their petition for grandparent visitation and that he entered into an agreed order granting them grandparent visitation; 2) petitioner was barred by principles of estoppel from asserting an inconsistent position in the course of a suit involving the same set of facts; 3) petitioner waived his ability to litigate the definition of "grandparent; and 4) under a plain reading of the statute, they clearly had "custody" of Shannon M. as her foster parents. Ultimately, the circuit court refused petitioner's petition for appeal. It is from this order that petitioner appeals.

We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner states that the "lower Court did not have subject matter jurisdiction to hear the case." However, petitioner's argument is more appropriately couched in terms of standing.[4] Simply put, petitioner argues that respondents are not "grandparents" as defined in West Virginia Code § 48-10-203, and lack standing to seek grandparent visitation because they were not granted "custody" of Shannon M.[5]

We have often explained that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

[4]The Court notes that the family court had subject matter jurisdiction to hear the underlying petition for grandparent visitation. West Virginia Code § 51-2A-2(a)(4) provides that the family court shall exercise jurisdiction over "[a]ll actions for grandparent visitation[.]"

[5]Pursuant to West Virginia Code § 48-10-203, "'[g]randparent' means a biological grandparent, a person married or previously married to a biological grandparent, or a person who had previously been granted custody of the parent of a minor child with whom visitation is sought."

3

Syl. Pt. 5, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010) (citation omitted). We will not presume error in that the family court and circuit court failed to consider that respondents had custody of Shannon M. as her foster parents. The record on appeal is devoid of any evidence that respondents did not have custody of Shannon M. since she was approximately seven years old. To the contrary, petitioner admits that respondents were Shannon M.'s foster parents. Furthermore, the family court found that respondents had custody of Shannon M. "for a substantial number of years to adulthood." Importantly, this Court has long held that "[a]lthough parents have substantial rights that must be protected, the primary goal . . . as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). We have also held that, "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948). Here, the guardian ad litem for F.D.M. submitted a detailed report to the family court recommending that it was in F.D.M.'s best interests to have grandparent visitation with respondents. Accordingly, the family court found that it was in F.D.M.'s best interests to grant respondents grandparent visitation. Therefore, under the specific facts of this case, we cannot find that the circuit court erred in refusing petitioner's petition for appeal from the family court.

For the foregoing reasons, we find no error in the circuit court's February 12, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II